# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDRE DESRIVIERES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF INTERIOR, & NATIONAL PARK SERVICE RANGER MICHAEL KLUBEK<br><br>Defendants. | Civ. No. 2:12-03622 (WJM)<br><br>OPINION |

      To break up a fight on federal land, National Park Service Ranger Michael Klubek shocked Plaintiff Alexandre Desrivieres with a TASER. Desrivieres subsequently brought a Complaint against Defendants Klubek, the United States of America, and the United States Department of Interior alleging a host of constitutional violations under the Federal Tort Claims Act, as well as excessive force under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, summary judgment is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

      On July 17, 2011, Plaintiff Alexandre Desrivieres ("Desrivieres") went to the National Park at Kittatinny Point (the "Park") with his brother Marc and Marc's girlfriend. Compl. ¶ 8, ECF No. 1. After Desrivieres entered into a dispute with his brother, Desrivieres was tased by Klubek and then arrested. Desrivieres ultimately pled guilty to disorderly conduct.

      Subsequently (the record does not say when) Desrivieres filed a notice of claim with the United States Department of Interior. *Id.* ¶ 21. The Department of Interoir denied Desrivieres's claim on March 28, 2012. *Id.* On June 15, 2012, Desrivieres filed the instant action alleging excessive force.

      In the Complaint and in his Plea Allocution, Desrivieres offers two different accounts of what happened at the Park on July 17, 2011.

1

### A. Desrivieres's Complaint

The Complaint states as follows: At roughly 1:10 p.m., Desrivieres and his brother got into a "verbal dispute." *Id.* ¶ 9. Klubek approached the two brothers. *Id.* ¶ 10. Desrivieres told Klubek that he and his brother were having an argument but there was no problem. *Id.* ¶ 12. As Desrivieres began to walk away, he noticed Klubek pointing a device at his brother. *Id.* ¶ 13. The device was a stun gun. *Id.* ¶ 12. Desrivieres ran over to protect his brother. *Id.* ¶ 15. Klubek fired the stun gun at Desrivieres. *Id.* ¶ 16. Desrivieres fell and sustained cuts and bruises to his head and face. *Id.* ¶ 16. Desrivieres also sustained puncture wounds from the stun gun. *Id.* ¶ 17.

### B. Desrivieres's Plea Allocution

On September 15, 2011, Desrivieres appeared before the Honorable Thomas M. Blewitt, United States Magistrate Judge, and pled guilty to disorderly conduct for the incident the Complaint describes as a "verbal dispute." The following is an excerpt of the plea colloquy:

> THE COURT: All right, in order for me to accept your plea of guilty, I have to be satisfied that there is a factual basis for it. So at this point, I'm going to ask the Ranger or the Attorney for the Government to indicate to me, in each of your cases, what he would prove if the case were to go to trial. And for each of your cases, I ask that you pay attention, because when he's finished, I'm going to ask you whether you're in agreement with that recitation.
>
> THE COURT: Okay. Ranger Cross, you're speaking to the Desrivieres brothers?
>
> RANGER CROSS: Yes, on July 17th, 2011, two individuals who were later identified as Marc Desrivieres and Alexander Desrivieres were observed to be engaged in a physical altercation and exchanging words of profanity, which the Ranger perceived to be extremely aggressive. Their actions caused public alarm and immediate breach of the peace. There was immediate aggression from Alex toward Marc, and after numerous commands to stop and get back, the Ranger deployed his TASER x26 into Alexander to stop the assaultive attack. Marc immediately turned his aggression toward the Ranger yelling profanity and advancing toward him using his body and clenching his fist. Marc continuously failed to obey lawful orders to get down on the ground.
>
> THE COURT: All right, Alex, is that information essentially correct?

DEFENDANT [Alexandre Desrivieres]: Yes.

September 15, 2011 Plea Hearing Transcript ("Plea Transcript") 6:6-7:7, Ex. C to Anger Declaration, ECF No. 14-2. In return for Desrivieres's plea, the Government dropped a charge for failing to obey a lawful order. *Id.* at 3:16-21.

## II. LEGAL STANDARDS

### A. Summary Judgment

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Generally, the Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007). However, when an individual pleads guilty to a crime, courts "take as true the operative facts underlying the plea, and view other contested facts in the light most favorable to [the non-moving party]." *Marche v. Parrachak*, No. 1998-cv-4219, 2000 WL 1507403, at *1 (E.D.Pa. Oct. 10, 2000).

### B. Judicial Estoppel

The doctrine of judicial estoppel "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken by him in the same or some earlier legal proceeding." *U.S. v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993) (internal quotation and citation omitted). The parties agree that the applicable test for judicial estoppel is the test set forth in *New Hampshire v. Maine*, 532 U.S. 742 (2001). Defs.' Br. 17, ECF No. 14; Pl.'s Br. 11, ECF No. 18. In *New Hampshire*, the Supreme Court recognized that "several factors typically inform the decision whether to apply the doctrine in a particular case":

> First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position

introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*New Hampshire*, 532 U.S. at 750-51 (internal citations omitted).

## III. DISCUSSION

Count I of the Complaint asserts a claim under the Federal Tort Claims Act ("FTCA") for violations of three constitutional rights: the right to be free from unreasonable searches and seizures under the Fourth Amendment, the right to due process under the Fifth Amendment, and the right to be free from cruel and unusual punishment under the Eighth Amendment.[1] Count II of the Complaint asserts an excessive force claim under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants move for summary judgment on both counts.

### A. Desrivieres Is Judicially Estopped From Denying The Statements He Made In His Plea Allocution.

Defendants argue that Desrivieres is judicially estopped from denying what he said in his plea allocution. Defendants are correct.

The parties agree that the Court should determine whether to apply judicial estoppel by looking to the three factors set forth in *New Hampshire*. All of the factors favor judicial estoppel. First, as Desrivieres recognizes, the Complaint and the Plea Allocution are clearly inconsistent. *See* Pl.'s Br. 4 (accounts are in "direct conflict"). Second, Judge Blewitt would not have accepted Desrivieres's guilty plea if he believed that Desrivieres's account was inaccurate. Without question, if this Court were to treat the altercation between Desrivieres and his brother as merely a "verbal dispute," reasonable observers would perceive that this Court was being misled. Finally, if Desrivieres were not estopped from denying the account he provided in his plea allocution, Desrivieres would "derive an unfair advantage or impose an unfair detriment on the [Government]." In return for Desrivieres's plea, the Government dropped a charge for failure to obey a lawful order. Plea Transcript 3:16-21. It would be unfair if Desrivieres could use one version of events to get a better plea deal and then turn around and use a wildly different version of events to extract money damages from the Government. *See Hudson v. Goob*, No. 7-1115, 2009 WL 789924, at *8 (W.D. Pa.

---

[1] Because Desrivieres filed a notice of claim with the Department of Interior less than two years after the incident at issue in this case, *see* Compl. ¶ 21, and because Desrivieres filed the instant suit less than six months after the Department of Interior denied Desrivieres's claim, Desrivieres's FTCA claim is timely. *See* 28 U.S.C. § 2401(b).

March 24, 2009). Accordingly, Desrivieres is judicially estopped from denying the statements in his plea allocution.

Hoping to blunt the force of this conclusion, Desrivieres argues that judicial estoppel does not apply to statements in the plea allocution that were "superfluous to the proceedings" in the sense that they did not provide a "factual basis" to establish the elements of disorderly conduct. Pl.'s Br. 12. Even if Desrivieres's premise is correct, his conclusion is incorrect because none of the statements in Desrivieres's plea allocution were superfluous.

The record is unclear, but it appears that Desrivieres was charged with either disorderly conduct under 36 C.F.R. § 2.34(a)(1) ("Section (a)(1)") or 36 C.F.R. §2.34(a)(2) ("Section (a)(2)"). Section (a)(1) criminalizes "fighting or threatening, or in violent behavior." Section (a)(2) makes it a crime to use "language, an utterance, or gesture, or engage[] in a display or act that is obscene, physically threatening or menacing, or done in a manner that is likely to inflict injury or incite an immediate breach of the peace." In his plea allocution, Desrivieres acknowledged that he "engaged in a physical altercation and exchang[ed] words of profanity, which the Ranger perceived to be extremely aggressive." Plea Transcript 6:19-21. He acknowledged that his actions "caused public alarm and immediate breach of the peace." *Id.* at 6:21-22. He acknowledged that there was "immediate aggression" between him and his brother, and that Klubek deployed his TASER only after "numerous commands to stop and get back." *Id.* at 22-25. These facts could have supported a charge under Section (a)(1) or Section (a)(2). They were not superfluous to the proceedings.

### B. The Court Will Grant Summary Judgment In Favor Of Klubek.

Count I is an FTCA claim grounded in the New Jersey law of assault and battery.[2] Count II is a claim for excessive force under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Klubek moves for summary judgment on both claims, arguing that his application of force was not excessive under the test set forth in *Graham v. Connor*, 490 U.S. 386, 395 (1989), and supplemented by *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997), abrogated on other grounds, *Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007)). Desrivieres offers two arguments in response. First, he argues that summary judgment should be denied because there is a factual dispute about what happened at the Park. Second, Desrivieres argues that even if judicial

---

[2] As pled in the Complaint, Count I is an FTCA claim alleging violations of the Fourth, Fifth, and Eighth Amendments. But "federal constitutional violations are not cognizable under the FTCA; state law provides the source of substantive liability under the FTCA." *Maddox v. United States*, No. 10-3457, 2011 WL 2682804, at *4 (D.N.J. July 11, 2011) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994)). Accordingly, Desrivieres may not bring an FTCA claim for violations of the Fourth, Fifth, and Eighth Amendments. Count I is more properly understood as an FTCA claim for assault and battery. *See Hanson v. U.S.*, 712 F. Supp. 2d 321, 330 (D.N.J. 2010) ("Where a police officer uses excessive force in effectuating an arrest, that officer may be liable for assault and battery.") (internal quotation and citation omitted).

estoppel applies, summary judgment would still be improper because the undisputed facts are not detailed enough to allow the Court to determine whether Klubek's use of force was excessive. Desrivieres's arguments are unconvincing.

In *Graham*, the Supreme Court held that "*all* claims that law officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham*, 490 U.S. at 395 (emphasis in original). The reasonableness test is an objective test that considers the "facts and circumstances confronting" an officer who uses force. *Id.* at 397. Under *Graham* and the subsequent Third Circuit decision *Sharar*, courts consider:

> (1) the facts and circumstances of each particular case and consider the severity of the crime; (2) whether the suspect poses an immediate threat to the safety of the officers or others; (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight . . . (4) whether the physical force applied was of such an extent as to lead to injury; (5) the possibility that the persons subject to the police action are themselves violent or dangerous; (6) the duration of the police officers' action; (7) whether the action takes place in the context of effecting an arrest; (8) the possibility that the suspect may be armed; and (9) the number of persons with whom the police officers must contend at one time.

*Hrezik v. Moyer*, No. 10-4251, 2012 WL 162334, at *6 (E.D. Pa. Jan. 19, 2012) (collecting the first three factors from *Graham*, and the latter six from *Sharrar*) (factors renumbered for purposes of this opinion). "Depending upon the circumstances, the application of a taser may be a reasonable use of force." *Owens v. Fox*, No. 7-365, 2010 WL 1408920, at *8 (D. Del. Mar. 30, 2010).

To prevail on his *Bivens* claim, Desrivieres must demonstrate that Klubek's use of force was unreasonable under the *Graham* and *Sharrar* factors. *See Adams v. Springmeyer*, No. 11-790, 2012 WL 1865736, at **11-12 (W.D. Pa. May 22, 2012). To prevail on his FTCA claim against Klubek, Desrivieres must demonstrate unreasonableness under the *Graham* factors only. *See Whesper v. Police Officer Tulli*, No. L-619-05, 2008 WL 582800, at **4-9 (App. Div. Mar. 5, 2008).[3]

Defendants argue persuasively that Klubek's use of force was not excessive. Desrivieres and his brother were engaging in an "assaultive attack," a "physical altercation and exchanging words of profanity . . . caus[ing] public alarm and an immediate breach of the peace." Plea Transcript 6:17-25. As Desrivieres was fighting

---

[3] *Whesper* suggests that both the *Graham* factors and the *Sharrar* factors apply when considering unreasonableness for purposes of an assault and battery claim against an officer. But because Desrivieres does not contest Defendants' position that only the *Graham* factors apply to Desrivieres's FTCA claim, *see* Defs.' Br. 34, the Court will accept Defendants' position for purposes of this motion.

with his brother, he was acting in a violent manner, and he clearly posed an immediate threat to the safety of his brother. Moreover, Desrivieres and his brother posed a threat to Klubek, who was outnumbered two-to-one. It follows that factors one, two, five, and nine weigh in favor of reasonableness. Next, factors three, six, and seven weigh in favor of reasonableness because Klubek deployed his TASER once, while he was arresting someone who was ignoring his commands. The additional factors are neutral or weigh against reasonableness. Factor four weighs against reasonableness because the use of a TASER can (and in this case did) lead to injuries. Lastly, factor eight weighs against reasonableness because there was no reason to think Desrivieres was armed. Based on the undisputed facts, Klubek's use of force was reasonable under the *Graham* factors and also under the combination of the *Graham* and *Sharrar* factors. This conclusion is consistent with other excessive force cases in this Circuit. *See, e.g.*, *Woods v. Grant*, 381 Fed. Appx. 144, 146 (3d Cir. 2010) (summary judgment proper on excessive force claim where plaintiff tasered after he "continually resisted arrest, was aggressive and combative, and would not respond to the officers' requests even after they used the taser"); *Gruver v. Borough of Carlisle*, No. 5-1206, 2006 WL 1410816, at **4-5 (M.D. Pa. May 19, 2006) (summary judgment proper on excessive force claim where plaintiff tasered after he disobeyed verbal commands and "physically resisted" officer).

Desrivieres makes no attempt to dispute Defendants' argument under *Graham* and *Sharrar*. Indeed, Desrivieres recognizes that Defendants' argument under *Graham* and *Sharar* "cannot be challenged as it pertains to the conclusions [Defendants'] want[] to review." Pl.'s Br. 27. Instead, Desrivieres argues that the material facts are disputed. For the reasons set forth in the previous section, this argument fails. Next, Desrivieres argues that the Court cannot determine reasonableness because the undisputed facts are conclusory. The Court disagrees. While the plea allocution does not provide a blow-by-blow account, it provides enough information to evaluate whether Klubek's response was excessive. The Court will **GRANT** Defendants' motion for summary judgment on Counts I and II.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary is **GRANTED**. An appropriate order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 27, 2013**